IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PREMIER SLEEP SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SOUND SLEEP MEDICAL, LLC *et al.*, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS TO MOTION TO SUBSTITUTE PARTY** <br><br> Case No. 2:20-CV-62-JNP-JCB <br><br> District Judge Jill N. Parrish |

Before the court is Defendant Kiaya Kilpack's ("Kilpack") Memorandum in Opposition to Plaintiff's Motion to Substitute Party. ECF No. 51. For the following reasons, the court overrules Kilpack's objections and reaffirms its prior Order Granting Motion to Substitute Party (ECF No. 50).

## BACKGROUND

On November 9, 2020, Plaintiff Premier Sleep Solutions, LLC ("PSS") filed a Motion to Substitute Party (the "Motion"). ECF No. 48. In its Motion, PSS sought to substitute Defendant Aubrey Green Angus ("Angus") with Kiaya Kilpack as Personal Representative of the Estate of Aubrey Green Angus. *Id.* PSS filed this Motion after Kilpack filed an Amended Suggestion of Death (ECF No. 47), in which Kilpack identified herself as the Representative of the Estate of Aubrey Angus following Angus's death. The court entered its Order Granting Motion to Substitute Party (the "Order") on November 10, 2020. ECF No. 50.

Also on November 10, 2020, shortly after the court entered the Order granting the Motion, Kilpack filed a Memorandum in Opposition to Plaintiff's Motion to Substitute Party. ECF No. 51.

In her opposition, Kilpack advanced two arguments: (1) the Motion was improperly noticed under Federal Rule of Civil Procedure 25(a)(3); and (2) the Motion named an improper party. PSS replied on November 12, 2020. ECF No. 53. PSS argued that the error in service was "harmless" and "easily remedied," since Kilpack had actual notice of the Motion and a process server would soon execute service of process on Kilpack. *Id.* at 2. PSS also argued that, under Utah law, the personal representative of the estate, rather than the estate itself, is the proper party to substitute. *Id.* at 3. Although the court previously granted the Motion, it now reconsiders its prior Order to evaluate each of Kilpack's objections.

## ANALYSIS

**I.      Sufficiency of Notice Under Rule 25(a)(3)**

Kilpack objects to the Motion on the grounds that it was improperly noticed under Federal Rules of Civil Procedure 25 and 4, as PSS improperly served Kilpack but not the Estate of Aubrey Green Angus. The court disagrees.

Rule 25(a)(3) states that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." FED. R. CIV. P. 25(a)(3). It is well-settled in the Tenth Circuit that notice of a Rule 25 motion to substitute must be served on "the successors or representatives of the deceased parties' estate" pursuant to Rule 4, not on the deceased's former or current counsel. *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) (citation omitted). Under Rule 4(e)(2)(B), service is proper if an individual is served by leaving a copy of the motion "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(B).

PSS served its Motion on Kilpack's attorneys, and on Sound Sleep Medical, LLC and David Larsen's attorneys. ECF No. 48 at 3. PSS subsequently filed a Proof of Service on

November 16, 2020. ECF No. 54. The Proof of Service indicates that Kilpack has been personally served with PSS's Motion on November 15, 2020: a copy of the Motion was left at her dwelling house or usual place of abode in Sandy, Utah with co-tenant Brad Watson, "a person of suitable age and discretion there residing." *Id.* Since Kilpack, as the identified Representative of the Estate of Aubrey Angus, has now been served with the Motion in compliance with Rules 25 and 4, the court overrules Kilpack's objection that the motion was not properly served.

## II.     Substitution of Proper Party

Kilpack also objects to PSS's Motion because it improperly names Kilpack, as Personal Representative of the Estate of Aubrey Green Angus, as the party to be substituted. According to Kilpack, the proper party to substitute is the Estate of Aubrey Green Angus. Kilpack cites to no authority in support of this argument.

Under section 75-3-703 of the Utah Uniform Probate Code, "[e]xcept as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this state at his death has the same standing to sue and be sued in the courts of this state and courts of any other jurisdiction as his decedent had immediately prior to death." UTAH CODE § 75-3-703(3). Section 75-3-104 of the same code provides that "[n]o proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative." *Id.* at § 75-3-104. The Utah Supreme Court has expressly found that "[t]he statutory scheme of the Utah Uniform Probate Code, specifically sections 75-3-104 and -107, clearly provides that all claims must be brought against the personal representative of the decedent's estate." *Berneau v. Martino*, 223 P.3d 1128, 1132 (Utah 2009). Thus, under Utah law, the proper party to substitute is not the estate, but the estate's representative. *See Stoddard v. Smith*, 27 P.3d 546, 551 (Utah 2001) (finding that a party filing a motion to

substitute under Rule 25 may "seek[] to substitute the 'Personal Representative of the Estate of the Decedent' or 'John/Jane Doe'"); *see also Estate of Faucheaux v. City of Provo*, 449 P.3d 112, 116 (Utah 2019) (finding that, in a wrongful death suit, the appropriate plaintiffs are "either heirs or personal representatives of an estate suing on behalf of the heirs," and that "[t]he estate is not a proper party").

Kilpack is alleged to be a citizen and resident of Utah (ECF No. 9 ¶ 11), was served with the Motion at her residence in Sandy, Utah (ECF No. 54), and has been identified as the Representative of the Estate of Aubrey Angus (ECF No. 50). Thus, the court finds that PSS properly moved to substitute Kilpack in her capacity as the Representative of the Estate of Aubrey Green Angus, rather than the Estate of Aubrey Green Angus itself.

## CONCLUSION

For the foregoing reasons, the court HEREBY OVERRULES Kilpack's objections in her Memorandum in Opposition to Plaintiff's Motion to Substitute Party (ECF No. 51) and REAFFIRMS its prior Order Granting Motion to Substitute Party (ECF No. 50).

DATED November 18, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge